

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *973/645-2700*
*Newark, NJ 07102*

JG/JNM/PL AGR
2005R01185

August 23, 2010

John P. McGovern, Esq.
221 Washington Street
2nd Floor
Newark, New Jersey 07102

          Re: <u>Plea Agreement with Vicente Esteves, a/k/a "Vinny"</u>

Dear Mr. McGovern:

          This letter sets forth the plea agreement between your client, Vicente Esteves, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

          Conditioned on the understandings specified below, this Office will accept a guilty plea from Vicente Esteves to Counts Six, Seven, Eight, Nine, Ten, and Eleven of the Superseding Indictment, Criminal No. 09-369, which charges Vicente Esteves with conspiracy to travel in aid of a drug trafficking business, and five substantive charges of travel in aid of a drug trafficking business, in violation of 18 U.S.C. §§ 371 and 1952(a)(2). If Vicente Esteves enters a guilty plea and is sentenced on those charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Vicente Esteves for traveling in aid of a drug trafficking business during the time period charged in the Superseding Indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Vicente Esteves agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Vicente Esteves may be commenced against him, notwithstanding the expiration of the limitations period after Vicente Esteves signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Vicente Esteves agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violations of 18 U.S.C. § 1952(a)(2) to which Vicente Esteves agrees to plead guilty each carry a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Vicente Esteves is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Vicente Esteves ultimately will receive.

Further, in addition to imposing any other penalty on Vicente Esteves, the sentencing judge: (1) will order Vicente Esteves to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Vicente Esteves to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Vicente Esteves, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 982; and (5) for each of the counts of conviction, pursuant to 18 U.S.C. § 3583, must require Vicente Esteves to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should Vicente Esteves be placed on a term of

supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vicente Esteves may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Vicente Esteves by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Vicente Esteves's activities and relevant conduct with respect to this case.

Stipulations

This Office and Vicente Esteves agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Vicente Esteves from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not

restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Vicente Esteves waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

- 4 -

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vicente Esteves.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Vicente Esteves.

<u>No Other Promises</u>

       This agreement constitutes the plea agreement between Vicente Esteves and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                           Very truly yours,

                           Paul J. Fishman
                           United States Attorney

                           By:  Joseph N. Minish
                           Assistant U.S. Attorney

APPROVED:

_____
John Gay
Unit Chief, Criminal Division

- 6 -

I have received this letter from my attorney, John P. McGovern, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____        Date: 8/23/10
Vicente Esteves



I have discussed with my client this letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.


_____        Date: 8/23/10
John P. McGovern, Esq.


- 7 -

<u>Plea Agreement With Vicente Esteves</u>

<u>Schedule A</u>

1.   This Office and Vicente Esteves recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Vicente Esteves nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Vicente Esteves within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Vicente Esteves further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case.

<u>Conspiracy to Travel in Aid of Vicente Esteves's Drug Trafficking Business</u> (Count Six)

3.   The applicable guideline for the violation of 18 U.S.C. § 371 set forth in Count Six is U.S.S.G. § 2X1.1.

4.   That guideline carries a Base Offense Level equal to the Base Offense Level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.  <u>See</u> U.S.S.G. § 2X1.1(a).

5.   For Count Six, the substantive offense is the knowing and intentional use of a facility in interstate commerce with the intent to commit a crime of violence to further an unlawful activity, that is, the distribution of a controlled substance, and thereafter, the performance of an act to commit a crime of violence to further such unlawful activity, in violation of 18 U.S.C. § 1952(a)(2).  The applicable guideline for Section 1952(a)(2) is U.S.S.G. § 2E1.2.  That guideline carries a Base Offense Level equal to the greater of 6 or the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken.  <u>See</u> U.S.S.G. § 2E1.2(a).  Here, the underlying crime of violence is conspiracy to commit murder, contrary to N.J.S.A. §§ 2C:11-3(1) & (2), in violation of N.J.S.A. § 2C:5-2.  Where the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  <u>See</u> U.S.S.G. § 2E1.1, comment. (n.2).  The state offense of conspiracy to commit murder is most analogous to 18 U.S.C.

- 8 -

§ 1117, conspiracy to commit murder.  The applicable guideline for Section 1117 is U.S.S.G. § 2A1.5.  That guideline carries a Base Offense Level of 33.

<u>Travel in Aid of Vicente Esteves's Drug Trafficking Business</u>
(Count Seven)

6.  The applicable guideline for the violation of 18 U.S.C. § 1952(a)(2) set forth in Count Seven is U.S.S.G. § 2E1.2.

7.  That guideline carries a Base Offense Level equal to the greater of 6 or the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken. <u>See</u> U.S.S.G. § 2E1.2(a).  Here, the underlying crime of violence is conspiracy to commit murder, contrary to N.J.S.A. §§ 2C:11-3(1) & (2), in violation of N.J.S.A. § 2C:5-2.  Where the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  <u>See</u> U.S.S.G. § 2E1.1, comment. (n.2).  The state offense of conspiracy to commit murder is most analogous to 18 U.S.C. § 1117, conspiracy to commit murder.  The applicable guideline for Section 1117 is U.S.S.G. § 2A1.5.  That guideline carries a Base Offense Level of 33.

<u>Travel in Aid of Vicente Esteves's Drug Trafficking Business</u>
(Count Eight)

8.  The applicable guideline for the violation of 18 U.S.C. § 1952(a)(2) set forth in Count Eight is U.S.S.G. § 2E1.2.

9.  That guideline carries a Base Offense Level equal to the greater of 6 or the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken. <u>See</u> U.S.S.G. § 2E1.2(a).  Here, the underlying crime of violence is conspiracy to commit murder, contrary to N.J.S.A. §§ 2C:11-3(1) & (2), in violation of N.J.S.A. § 2C:5-2.  Where the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  <u>See</u> U.S.S.G. § 2E1.1, comment. (n.2).  The state offense of conspiracy to commit murder is most analogous to 18 U.S.C. § 1117, conspiracy to commit murder.  The applicable guideline for Section 1117 is U.S.S.G. § 2A1.5.  That guideline carries a Base Offense Level of 33.

<u>Travel in Aid of Vicente Esteves's Drug Trafficking Business</u>
(Count Nine)

        10.  The applicable guideline for the violation of 18 U.S.C. § 1952(a)(2) set forth in Count Nine is U.S.S.G. § 2E1.2.

        11.  That guideline carries a Base Offense Level equal to the greater of 6 or the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken. <u>See</u> U.S.S.G. § 2E1.2(a).  Here, the underlying crime of violence is conspiracy to commit murder, contrary to N.J.S.A. §§ 2C:11-3(1) & (2), in violation of N.J.S.A. § 2C:5-2.  Where the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  <u>See</u> U.S.S.G. § 2E1.1, comment. (n.2).  The state offense of conspiracy to commit murder is most analogous to 18 U.S.C. § 1117, conspiracy to commit murder.  The applicable guideline for Section 1117 is U.S.S.G. § 2A1.5.  That guideline carries a Base Offense Level of 33.

<u>Travel in Aid of Vicente Esteves's Drug Trafficking Business</u>
(Count Ten)

        12.  The applicable guideline for the violation of 18 U.S.C. § 1952(a)(2) set forth in Count Ten is U.S.S.G. § 2E1.2.

        13.  That guideline carries a Base Offense Level equal to the greater of 6 or the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken. <u>See</u> U.S.S.G. § 2E1.2(a).  Here, the underlying crime of violence is conspiracy to commit murder, contrary to N.J.S.A. §§ 2C:11-3(1) & (2), in violation of N.J.S.A. § 2C:5-2.  Where the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  <u>See</u> U.S.S.G. § 2E1.1, comment. (n.2).  The state offense of conspiracy to commit murder is most analogous to 18 U.S.C. § 1117, conspiracy to commit murder.  The applicable guideline for Section 1117 is U.S.S.G. § 2A1.5.  That guideline carries a Base Offense Level of 33.

<u>Travel in Aid of Vicente Esteves's Drug Trafficking Business</u>
(Count Eleven)

        14.  The applicable guideline for the violation of 18 U.S.C. § 1952(a)(2) set forth in Count Eleven is U.S.S.G. § 2E1.2.

15.   That guideline carries a Base Offense Level equal to the greater of 6 or the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken. See U.S.S.G. § 2E1.2(a).  Here, the underlying crime of violence is conspiracy to commit murder, contrary to N.J.S.A. §§ 2C:11-3(1) & (2), in violation of N.J.S.A. § 2C:5-2.  Where the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  See U.S.S.G. § 2E1.1, comment. (n.2).  The state offense of conspiracy to commit murder is most analogous to 18 U.S.C. § 1117, conspiracy to commit murder.  The applicable guideline for Section 1117 is U.S.S.G. § 2A1.5.  That guideline carries a Base Offense Level of 33.

Grouping

16.   Pursuant to U.S.S.G. § 3D1.2(b), since Count Six, Count Seven, Count Eight, Count Nine, Count Ten, and Count Eleven involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, they shall be grouped together into a single Group.

17.   Pursuant to U.S.S.G. § 3D1.3(a), since the counts in that Group involve offenses of the same general type to which different guidelines apply, the offense guideline that produces the highest offense level applies.  Each of the counts constituting that Group have an offense level of 33.  As a result, that Group has an offense level of 33.

18.   As a result, the Guideline offense level applicable to Vicente Esteves is 33.

Acceptance of Responsibility

19.   As of the date of this letter, Vicente Esteves has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Vicente Esteves's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

20.   As of the date of this letter, Vicente Esteves has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention

to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Vicente Esteves enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Vicente Esteves's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Vicente Esteves will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

Agreed Total Guidelines Offense Level

21. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Vicente Esteves is 30 (the "agreed total Guidelines offense level").

22. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of Vicente Esteves is reasonable.

23. Vicente Esteves knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 30. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 30. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

24. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal,

collateral attack, writ or motion not barred by the preceding paragraph.